**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARTIN J. TORRES,

                Petitioner,

         v.

UNITED STATES OF AMERICA,

                Respondent.

Civil Action No. 25-604 (MAS)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Petitioner Martin J. Torres's amended motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 4.) As Petitioner has now refiled his motion in accordance with this Court's prior Order (ECF No. 3), this Court is required by Rule 4 of the Rules Governing Section 2255 Proceedings to preliminarily review Petitioner's motion to vacate and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." For the following reasons, Petitioner's motion is denied.

## I.    BACKGROUND

On January 10, 2024, Petitioner pled guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (*See* Docket No. 23-431 at ECF Nos. 25-27.) On June 7, 2024, Petitioner was sentenced to sixty-three months imprisonment on that charge. (Docket No. 23-431 at ECF No. 40.) Petitioner did not appeal. (*See* ECF No. 1 at 4.) By way of background, Petitioner's current offense arises out of his being arrested by police on

December 29, 2022, in relation to drug trafficking activity and being found in possession of a loaded firearm. (*See* PSR at ¶¶ 8-15.) Petitioner was still serving a state parole term at the time of his arrest. (PSR at ¶¶ 38-39.)

Petitioner now seeks to collaterally attack that conviction, arguing that his counsel was constitutionally ineffective in failing to argue that his § 922(g)(1) charges were unconstitutional in light of recent Second Amendment precedent from the United States Supreme Court. (ECF No. 1 at 4-12; ECF No. 1-1 at 1-10; ECF No. 4-1 at 1-10.)

## II.    LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied*, 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, District Courts are required to screen all § 2255 motions and dismiss any motion if it "plainly appears from the motion,

any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.   **DISCUSSION**

### A.   **No hearing is needed to resolve Petitioner's claim**

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545-56 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Gov't of V.I. v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. As Petitioner's motion to vacate sentence is clearly without merit for the reasons expressed below, no hearing is needed in this matter.

### B.   **Petitioner's ineffective assistance claim**

In his current motion, Petitioner argues that his trial counsel was constitutionally deficient for failing to argue that his § 922(g)(1) offense was unconstitutional prior to his guilty plea and sentencing. The standard applicable to ineffective assistance claims is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687; *see also*

3

*United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.

In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . [and] a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge v. United States*, 119 F. Supp. 3d 270, 280-81 (D.N.J. 2015).

In his motion, Petitioner presents two duplicative claims in which he asserts that counsel improperly failed to argue that his charges were unconstitutional in light of the Second Amendment and recent Supreme Court caselaw interpreting the Second Amendment. Petitioner cannot show that he was prejudiced by counsel's alleged failure, however, because controlling caselaw in this Circuit clearly shows that any such argument would have been fruitless. As the Third Circuit recently explained in *United States v. Moore*, 111 F.4th 266, 271-73 (3d Cir. 2024), and *United States v. Quailes*, 126 F.4th 215 (3d Cir. 2025), § 922(g)(1) passes constitutional muster, notwithstanding recent Supreme Court precedent, when it is applied to those who committed their § 922(g)(1) charge while still serving a state or federal parole or supervision term.

As the Third Circuit explained, the Second Amendment does not protect those who are still serving a sentence as a result of a criminal conviction, and the constitution therefore permits that convicts "on parole, probation or supervised release" may be disarmed and prohibited from possessing weapons and criminally charged for doing so while on parole or probation. *Quailes*, 126 F.4th at 224. As Petitioner committed his offenses while serving a state parole term for prior convictions, he was not entitled to the protections of the Second Amendment and § 922(g)(1) is constitutional as applied to him. As any argument counsel could have raised on Petitioner's behalf based on his reading of the Second Amendment would therefore have been fruitless, counsel cannot have been ineffective in failing to raise such an argument. *United States v. Aldea*, 450 F. App'x 151, 152 (3d Cir. 2011); *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000). Petitioner's ineffective assistance of counsel claims are therefore clearly without merit and must be denied as such. Petitioner's motion to vacate sentence shall therefore be denied.

C.    **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because all of Petitioner's ineffective assistance claims are without merit for the reasons expressed above, Petitioner has failed to make a substantial showing of a denial of a constitutional right. This Court therefore denies Petitioner a certificate of appealability.

IV.    **CONCLUSION**

For the reasons set forth above, Petitioner's amended motion to vacate sentence (ECF No. 4) is **DENIED**, and Petitioner is **DENIED** a certificate of appealability.  An appropriate order follows.

*Mashipp*
_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE
